UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

February 28, 2006

*Before*

Hon. JOEL M. FLAUM, *Chief Judge*

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

| | |
|---|---|
| UNITED STATES OF AMERICA, <br>       Plaintiff-Appellee, <br><br> No. 04-1929        v. <br><br> MARTIN CALDWELL, <br>       Defendant-Appellant. | ] Appeal from the United <br> ] States District Court for <br> ] the Northern District of <br> ] Illinois, Eastern Division. <br> ] <br> ] No. 03 CR 899 <br> ] <br> ] Suzanne B. Conlon, Judge. |

O R D E R

On September 12, 2005, the court affirmed Martin Caldwell's conviction on two counts of being a felon in possession of a firearm under 18 U.S.C. § 922. *United States v. Caldwell*, 423 F.3d 754 (7th Cir. 2005). We also ordered a limited remand under *United States v. Paladino*, 401 F.3d 471 (7th Cir. 2005), so the district judge could determine whether Caldwell's sentence remains appropriate now that *United States v. Booker*, 543 U.S. 220 (2005), has limited the federal sentencing guidelines to advisory status. The district judge replied that she would impose the same sentence today, knowing of the guidelines' advisory status. We must now determine whether the sentence is reasonable.

Before making her determination, the district judge reviewed the transcript of Caldwell's sentencing hearing, the presentence investigation report, and the

- over -

remand briefs submitted by Caldwell and the government.  In her order of January 6, 2006, the district judge found that the sentence she imposed "at the high end of the advisory guidelines was reasonable under 18 U.S.C. § 3553(a)", and stated:

> Following a jury trial, defendant was convicted of two counts of being a felon in possession of a firearm under 18 U.S.C. § 922.  Three firearms, one with an obliterated serial number, were involved; the firearms were related to drug activity.  The evidence showed that he supplied heroin to a drug dealer over a period of time.  Defendant also had access to large quantities of cash for which there was no credible explanation.  Defendant's criminal history category III included prior convictions for drug and firearms violations.  His extensive arrest record did not affect the calculation of his criminal history.  He has displayed no remorse for his conduct.  Under all these circumstances, a sentence of 57 months was reasonable to punish defendant for his continued serious criminal conduct and for the protection of the public because of the likelihood of recidivism.

We invited the parties to file memoranda addressing the district court's determination, and the parties did so.  After a review of those papers and the record on appeal, we are satisfied that the district judge gave meaningful consideration to the parties' arguments and the relevant § 3553(a) factors, and conclude that Caldwell's sentence is reasonable.  See, *United States v. Brock*, No. 03-2279, slip op. at 14 (7th Cir. Jan. 9, 2006) ("Although it is preferable that a district court give a thorough explanation of its consideration of [the § 3553(a)] factors in its order on remand, this is not mandated.") The judgment of the district court therefore is AFFIRMED.